**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **ANDREW DEBERRY**, on behalf of himself and others similarly situated, | **:** | |
| | **:** | |
| | **:** | |
| Plaintiff, | **:** | CASE NO. 3:25-cv-459 |
| | **:** | |
| v. | **:** | JUDGE |
| | **:** | |
| **PRESSED PAPERBOARD** | **:** | MAGISTRATE JUDGE |
| **TECHNOLOGIES, L.L.C.**, | **:** | |
| c/o CT Corporation System | **:** | **JURY DEMAND ENDORSED HEREON** |
| 4400 Easton Commons Way | **:** | |
| Suite 125 | **:** | |
| Columbus, OH 43219, | **:** | |
| | **:** | |
| Defendant. | **:** | |

### PLAINTIFF'S COLLECTIVE ACTION COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Named Plaintiff Andrew Deberry ("Named Plaintiff") hereby files his Collective Action Complaint against Defendant Pressed Paperboard Technologies, L.L.C. ("Defendant") for its failure to pay employees overtime wages, seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19. The FLSA claim is brought as a collective action pursuant to 29 U.S.C. § 216(b). The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others. Named Plaintiff, individually and on behalf of others similarly situated, hereby states as follows:

### I.     JURISDICTION AND VENUE

1.      This action is brought pursuant to the FLSA and 28 U.S.C. § 1331.

2.      Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant employed Named Plaintiff and others similarly situated in the Northern District of Ohio, a substantial part of the events or omissions giving rise to these claims occurred in the Northern

District of Ohio, and Defendant has conducted substantial business in the Northern District of Ohio.

## II. PARTIES

### A. Named Plaintiff

3. Named Plaintiff Andrew Deberry is an individual, a United States citizen, and a resident of Ohio residing in the Northern District of Ohio.

4. Named Plaintiff worked for Defendant at its facility in Findlay, Ohio as an hourly, non-exempt employee as defined in the FLSA primarily in the position of warehouse worker, namely, forklift driver, from approximately January 6, 2025 to January 31, 2025.

5. At all relevant times, Named Plaintiff primarily performed non-exempt duties for Defendant.

### B. Defendant

6. Defendant is a foreign limited liability company registered to conduct business in Ohio. Defendant operates a production/distribution facility in Findlay, Ohio. Defendant is in the business of manufacturing and distributing paperboard trays.

7. At all relevant times, Defendant has conducted business in the Northern District of Ohio.

8. At all relevant times, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) due to its employment of Named Plaintiff and those similarly situated as described herein.

9. At all relevant times, Named Plaintiff has been an employee engaged in commerce and/or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206–07.

10. Defendant operates and controls an enterprise engaged in interstate commerce,

manufacturing, selling, and distributing paperboard trays throughout the country.

11. At all relevant times, Defendant suffered or permitted Named Plaintiff and other similarly situated employees to work. The work that Named Plaintiff and other similarly situated employees performed was for Defendant's benefit.

12. During all relevant times, Defendant maintained control, oversight, and direction over Named Plaintiff and other similarly situated employees, including promulgating and enforcing policies affecting wages and overtime payment.

13. Named Plaintiff brings this action on behalf of himself and those similarly situated.

14. Upon information and belief, Defendant has applied or caused to be applied substantially the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures relating to payment of and compliance with the FLSA, including overtime wages, timekeeping, maintenance of records, etc.

15. Based on information and belief, Defendant's annual gross volume of sales or business is not less than $500,000 (exclusive of excise taxes at the retail level).

16. Based on information and belief, Defendant was fully aware at all relevant times that it was legally required to comply with the wage and overtime laws of the United States.

III. **FACTUAL ALLEGATIONS**

17. During all times relevant, Named Plaintiff and Defendant's other similarly situated employees are hourly, non-exempt warehouse/production employees who are entitled to overtime.

18. At all times relevant herein, Named Plaintiff and other similarly situated employees were "employees" as defined in the FLSA.

19. Named Plaintiff and other similarly situated employees worked, or they were scheduled to work, forty (40) or more hours in one or more workweek(s) during the three (3) years

immediately preceding the filing of this Complaint.

20. During their employment with Defendant, Named Plaintiff and others similarly situated regularly performed overtime work without compensation.

21. During their employment with Defendant, Named Plaintiff and other similarly situated employees were not fully and properly paid for all overtime wages because Defendant maintained an unlawful policy or practice of rounding its employees' time punches and reducing their hours worked ("Rounding Policy").

22. Defendant permitted its employees to clock in up to seven (7) minutes before the start of their scheduled shift so they could begin pre-shift work duties and be at their workstation by the start of their scheduled shift, but Defendant would nevertheless round that time up to the scheduled start of their shifts.

23. Specifically, after clocking in, Named Plaintiff and other similarly situated employees gathered equipment and reviewed documents before the start of their scheduled shift.

24. Defendant did not generally permit Named Plaintiff and other similarly situated employees to clock in more than seven (7) minutes prior to the start of their scheduled shift to engage in their pre-shift job duties, thus ensuring that Named Plaintiff's and other similarly situated employees' time consistently rounded up to the start of their scheduled shift, which was to the employees' detriment.

25. Defendant also required Named Plaintiff and other similarly situated employees to work until the end of their scheduled shift.

26. Further, Defendant required Named Plaintiff and other similarly situated employees to clock out no later than seven (7) minutes after their scheduled shift end time.

27. Thus, Defendant applies its Rounding Policy in a way that systematically rounded

in Defendant's favor. Defendant's Rounding Policy resulted, over a period of time, in a failure to compensate its employees for all the time they actually worked in violation of the FLSA. *See* 29 C.F.R. § 785.48(b).

28. Defendant's failure to compensate Named Plaintiff and other similarly situated employees, as set forth above, resulted in unpaid overtime.

29. Defendant's unlawful Rounding Policy, as alleged herein, denied Named Plaintiff and similarly situated employees compensable overtime hours and compensation to which they were entitled.

30. Defendant's policies described herein resulted in unpaid overtime for Named Plaintiff and other similarly situated employees.

31. During relevant times, Defendant has had knowledge of and acted willfully regarding its conduct described herein. Defendant knew that Named Plaintiff and others similarly situated worked overtime without compensation for all overtime hours worked or that they would have worked overtime if Defendant did not apply its unlawful Rounding Policy.

32. Upon information and belief, Defendant has applied these same policies to all of its hourly, non-exempt warehouse/production employees.

33. As a result of Defendant's companywide policy and/or practice of rounding its warehouse/production employees' hours worked, Defendant knew or had reason to know that it was not compensating Named Plaintiff and other similarly situated employees for all hours worked.

34. Defendant is in possession and control of necessary documents and information from which Named Plaintiff and other similarly situated employees would likely be able to calculate their damages. Upon information and belief, Defendant failed to record the necessary

and required information to determine all of the time that Named Plaintiff and other similarly situated employees spent working

## IV.    FLSA COLLECTIVE ACTION ALLEGATIONS

35.    Named Plaintiff brings his FLSA claims pursuant to 29 U.S.C. § 216(b) as a representative action on behalf of himself and all other similarly situated warehouse/production employees of the opt-in collective, consisting of:

> **All current and former hourly, non-exempt warehouse/production employees of Defendant who were paid for at least forty (40) hours of work in any workweek and were subjected to Defendant's time rounding policy or practice described herein beginning three (3) years prior to the filing date of this Complaint and continuing through the final disposition of this case (hereinafter the "FLSA Collective" or "FLSA Collective Members").**

36.    This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA. In addition to Named Plaintiff, numerous current and former warehouse/production employees are similarly situated regarding their claims for unpaid wages and damages. Named Plaintiff is representative of the FLSA Collective and is acting on behalf of their interests as well as his own in bringing this action.

37.    These similarly situated warehouse/production employees are known to Defendant and are readily identifiable through Defendant's records. These individuals may readily be notified of this action and allowed to opt in pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees, and costs under the FLSA.

## V.    CAUSE OF ACTION

### COUNT I:
### FLSA – COLLECTIVE ACTION FOR UNPAID OVERTIME

38.    All of the preceding paragraphs are realleged as if fully rewritten herein.

39.    This claim is brought as part of a collective action by Named Plaintiff on behalf of himself and the FLSA Collective.

40.    The FLSA requires that employees receive overtime compensation for hours worked in excess of forty (40) per workweek. 29 U.S.C. § 207(a)(1).

41.    During the three (3) years preceding the filing of the Complaint, Defendant employed Named Plaintiff and the FLSA Collective Members.

42.    Named Plaintiff and the FLSA Collective Members regularly worked in excess of forty (40) hours in various workweeks, or they would have worked in excess of forty (40) hours in various workweeks if Defendant did not apply its unlawful Rounding Policy.

43.    Defendant violated the FLSA with respect to Named Plaintiff and the FLSA Collective by failing to compensate them overtime wages for all overtime hours worked because of Defendant's policies and/or practices described above.

44.    Named Plaintiff and the FLSA Collective Members were not exempt from receiving FLSA overtime benefits.

45.    Defendant knew or should have known of the overtime payment requirements of the FLSA. Despite such knowledge, Defendant willfully withheld and failed to pay the overtime compensation to which Named Plaintiff and the FLSA Collective Members are entitled.

46.    The exact total amount of compensation, including overtime compensation, that Defendant has failed to pay Named Plaintiff and the FLSA Collective Members is unknown at this

time, as many of the records necessary to make such precise calculations are in the possession of Defendant or were otherwise not kept by Defendant.

47. As a direct and proximate result of Defendant's conduct, Named Plaintiff and the FLSA Collective Members have suffered and continue to suffer damages. Named Plaintiff seeks unpaid overtime and other compensation, liquidated damages, interest and attorneys' fees, and all other remedies available on behalf of himself and the FLSA Collective Members.

## VI.   PRAYER FOR RELIEF

**WHEREFORE**, Named Plaintiff requests judgment against Defendant and for an Order:

A. Directing prompt issuance of notice to the FLSA Collective, apprising them of the pendency of this action and permitting them to timely assert their rights under the FLSA and pursuant to 29 U.S.C. § 216(b);

B. Finding that Defendant failed to keep accurate records and that, as a result, Named Plaintiff and the FLSA Collective are entitled to prove their hours worked with reasonable estimates;

C. Awarding to Named Plaintiff and the FLSA Collective Members unpaid overtime wages to be determined at trial together with any liquidated damages allowed by the FLSA;

D. Awarding to Named Plaintiff and the FLSA Collective Members costs, disbursements, and reasonable allowances for fees as well as reimbursement of costs and expenses;

E. Awarding to Named Plaintiff and the FLSA Collective Members such other and further relief as the Court deems just and proper; and

F. Granting Named Plaintiff leave to amend to file additional claims for relief or different causes of action should information become available through investigation and discovery.

Respectfully submitted,

**COFFMAN LEGAL, LLC**

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman (0085586)
Adam C. Gedling (0085256)
Kelsie N. Hendren (0100041)
Tristan T. Akers (0102298)
1550 Old Henderson Rd
Suite #126
Columbus, Ohio 43220
Phone: 614-949-1181
Fax: 614-386-9964
Email: mcoffman@mcoffmanlegal.com
       agedling@mcoffmanlegal.com
       khendren@mcoffmanlegal.com
       takers@mcoffmanlegal.com

*Attorneys for Named Plaintiff and those similarly situated*

## JURY DEMAND

Named Plaintiff requests a trial by a jury of eight (8) persons.

*/s/ Matthew J.P. Coffman*
Matthew J.P. Coffman

Page **9** of **9**